FILED by MB D.C.

ELECTRONIC

Apr. 30, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## 09-80645-Civ-DIMITROULEAS/SNOW

|  |  |
|---|---|
| ADAM COHN, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **Case No.** |
| PREMIUM CAPITAL FUNDING, LLC D/B/A TOP DOT MORTGAGE, DONALD BROWN, KOLMAN BROWN, FRANK FIORE and DANIEL MANSI, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff Adam Cohn ("Cohn"), individually and on behalf of all others similarly situated, by and through their undersigned counsel, for their Complaint against Defendant Premium Capital Funding, LLC d/b/a Top Dot Mortgage ("Top Dot"), David Brown, Kolman Brown, Frank Fiore and Daniel Mansi ("Mansi") (collectively "Defendants") state as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.*, to recover unpaid minimum wages, overtime compensation and other relief pursuant to 29 U.S.C. §216(b).

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 16(b) of the FLSA, 29 U.S.C. §16(b), and upon 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

4.     Plaintiff Cohn is a former loan officer employed by Defendants who has been subjected to Defendants' illegal compensation practices.

5.     Plaintiff was employed by Defendants as a loan officer in this judicial district within the last three years.

6.     Pursuant to 29 U.S.C. §216(b) of the FLSA, Plaintiff's written consent to become party Plaintiff is attached as Exhibit A.

7.     Defendants provide mortgage banking services to consumers in the State of Florida.

8.     At all relevant times, Top Dot has been an employer as defined by the FLSA, 29 U.S.C. §203(d).

9.     At all relevant times, David Brown, Kolman Brown, Frank Fiore and Daniel Mansi have been "employers" as defined by the FLSA, 29 U.S.C. § 203(d).

10.     At all relevant times, Defendant David Brown has been an owner, Director and President of Top Dot.  In this capacity, David Brown exercised operational control over Top Dot; controlled significant business functions of Top Dot; determined employee salaries and made hiring decisions; and acted on behalf of and in the interest of Top Dot in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Top Dot Loan Officers challenged in this Complaint.  As such, at all relevant times, Defendant David Brown has been an employer under the FLSA.

11.     At all relevant times, Defendant Kolman Brown has been an executive of Top Dot.  In this capacity, Kolman Brown exercised operational control over Top Dot; controlled significant business functions of Top Dot; determined employee salaries and made hiring decisions; and acted on behalf of and in the interest of Top Dot in devising,

2

directing, implementing, and supervising the wage and hour practices and policies relating to Top Dot Loan Officers challenged in this Complaint. As such, at all relevant times, Defendant Koman Brown has been an employer under the FLSA.

12.     At all relevant times, Defendant Frank Fiore has been an owner, Director and Treasurer of Top Dot. In this capacity, Frank Fiore exercised operational control over Top Dot; controlled significant business functions of Top Dot; determined employee salaries and made hiring decisions; and acted on behalf of and in the interest of Top Dot in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Top Dot Loan Officers challenged in this Complaint. As such, at all relevant times, Defendant Frank Fiore has been an employer under the FLSA.

13.     At all relevant times, Defendant Mansi has been an executive of Top Dot. In this capacity, Mansi exercised operational control over Top Dot; controlled significant business functions of Top Dot; determined employee salaries and made hiring decisions; and acted on behalf of and in the interest of Top Dot in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Top Dot Loan Officers challenged in this Complaint. As such, at all relevant times, Defendant Mansi has been an employer under the FLSA.

## FACTS

14.     Defendants operate a mortgage bank or brokerage company that has been operating in the mortgage business for at least the past three years.

15.     Plaintiff and other similarly situated persons are current and former loan officers who have been employed by Defendants in the State of Florida.

16.   All loan officers employed by Defendants during the applicable limitations periods have had essentially the same job duties.

17.   Pursuant to Defendants' uniform written company-wide polices and procedures, Plaintiff's primary duty was to sell residential mortgage loans over the telephone.

18.   Defendants employed other individuals whose primary duty had been to sell residential mortgage loans over the telephone (hereinafter referred to as "loan officers").

19.   Defendants have employed other loan officers who have performed the same or similar duties as Plaintiff.

20.   Defendants managed Plaintiff's employment as well as all other loan officers' employment, including the amount of overtime worked.  Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies of Top Dot.

21.   Defendants' wage and hour practices and policies have been uniform and centrally disseminated.

22.   Per Defendants' uniform companywide practices and policies, Plaintiff and all similarly situated loan officers have been compensated primarily on a commission only basis.

23.   Per Defendants' uniform companywide practices and policies, Plaintiff and all similarly situated loan officers did not receive a guaranteed salary.

24.   Per Defendants' uniform companywide practices and policies, Plaintiff and all similarly situated loan officers routinely worked in excess of 40 hours per week without receiving overtime compensation.

4

25.   Defendants failed to maintain accurate time records as required by the FLSA, 29 C.F.R. §516.2(a)(7).

## GENERAL ALLEGATIONS

26.   Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

27.   Plaintiff Cohn individually, and on behalf of all similarly situated current and former employees of Defendants, including their subsidiaries and affiliated companies, brings this action as a Florida collective class action under the FLSA to recover, *inter alia*, unpaid minimum wage and overtime compensation, liquidated damages, and statutory penalties owed to Plaintiff and all other similarly situated loan officers employed by, or formerly employed by, Defendants, including their subsidiaries and affiliated companies.

28.   Defendants' routine practice of failing to pay Plaintiff and all similarly situated employees minimum wages and overtime compensation when these employees worked in excess of 40 hours per week violates the FLSA.

29.   Defendants failed to pay overtime wages to Plaintiff and other similarly situated loan officers during their employment by intentionally, willfully, and improperly designating the position of loan officer as exempt from the minimum wage and overtime requirements of the FLSA.

30.   As a result of Defendants' unlawful companywide practices and policies, Plaintiff and the similarly situated employees have suffered a loss of wages.

## COLLECTIVE ACTION ALLEGATIONS OF THE
## FLSA CLASS OF LOAN OFFICERS

31.   Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

32.   Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of themselves and the following class of persons:

> All persons who worked as Premium Capital Funding d/b/a Top Dot loan officers in Florida at any time during the statutory period who give their consent in writing to become party plaintiffs ("the FLSA Class").

33.   Plaintiff and other members of the FLSA Class are similarly situated because, *inter alia*, they have all had similar duties; performed similar tasks; been subjected to the same requirements under the FLSA to be paid minimum wages and overtime wages unless properly exempted thereunder; been subjected to similar pay plans; been required to work and have worked in excess of 40 hours per week; been required to work without payment of minimum wages, and have not been paid at a rate of 1.5 times their respective regular rates of pay for all overtime hours worked.

34.   Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime pay requirements set forth in Section 207(a)(1) of the FLSA, 29 U.S.C. §207(a)(1) of the FLSA.  None of the FLSA's overtime exemptions apply to Plaintiffs or the other members of the FLSA Class because, *inter alia*, they have not been paid on a salary basis and have not otherwise met the requirements for coverage under any exemptions.  Moreover, upon information and belief, loan officers were and are subject to pay deductions by Defendants that defeat any claim to exemption.

35.   Defendants have encouraged, permitted and required Plaintiff and other members of the FLSA Class to work more 40 hours per week without overtime compensation.

36.   Defendants have known that Plaintiff and other members of the FLSA Class have performed work that has required overtime compensation.  Nonetheless, Defendants have operated under a scheme to deprive Plaintiff and other members of the FLSA Class of overtime compensation by failing to properly compensate them for all time worked.

37.   Defendants have acted willfully and have known or shown reckless disregard for the matter of whether their conduct has violated the FLSA, and have not acted in good faith with respect to the conduct alleged herein.

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 29 U.S.C. §201 ET SEQ., FAILURE TO PAY MINIMUM WAGES

38.   Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

39.   The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1).

40.   Defendants are subject to the minimum wage requirements of the FLSA because Top Dot is an enterprise engaged in commerce and its employees are engaged in commerce.

41.   At all times material to this action, Plaintiff and all members of the FLSA Class have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §201, *et. seq.*

7

42.   Defendants routinely and regularly failed to pay class members the applicable minimum hourly wage, in violation of 29 U.S.C. §206(a).  As a result of Defendants' unlawful practices, Plaintiff suffered a loss of wages.

## COUNT II

### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
### 29 U.S.C. §201 ET SEQ., FAILURE TO PAY OVERTIME

43.   Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

44.   Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

45.   By the above-alleged conduct, Defendants violated the FLSA by failing to pay members of the FLSA Class overtime compensation as required by the FLSA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against the Defendants and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

A.   Order Defendants to file with this Court and furnish to counsel a list of all FLSA Class Members;

B.   Authorize Plaintiffs' counsel to issue notice at the earliest possible time to FLSA Class Members, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

C.   Declare and find that Defendants committed one or more of the following acts:

8

        i.   Willfully violated the minimum wage provisions of the FLSA; and,

        ii.   Willfully violated the overtime provisions of the FLSA;

D.     Award compensatory damages, including all minimum wage and overtime compensation owed, in an amount according to proof;

E.     Award liquidated damages;

F.     Award interest on all unpaid compensation due accruing from the date such amounts were due;

G.     Award all costs and attorney's fees incurred in prosecuting this action;

I.     Grant leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

J.     Provide such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated: April 29th, 2009

Respectfully Submitted

Robert S. Norell (Fla. Bar No. 996777)
ROBERT S. NORELL, P.A.
7350 N.W. 5th Street
Plantation, FL 33317
(954) 617-6017
(954) 617-6018 (Fax)
E-Mail: robnorell@aol.com
Co-counsel for Plaintiffs

Erik H. Langeland
Erik H. Langeland, P.C.
500 Fifth Avenue, Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
E-Mail: elangeland@langelandlaw.com

James B. Zouras
Ryan F. Stephan
STEPHAN ZOURAS, LLP
205 North Michigan Avenue
Suite 2560
Chicago, IL 60601
(312) 233-1550
(312) 233-1560 (Fax)
E-Mail: jzouras@stephanzouras.com

Filed by *MB* D.C.

**09-80645-CIV-DIMITROULEAS/SNOW**

≈ JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as re[quired]by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of [Court for the purpose of initiating]the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed C**[ases Below.]

**Apr. 30, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS

Adam Cohn

## DEFENDANTS

Premium Capital Funding, LLC d/b/a Top [Dot Mortgage, David]
Brown, Kolman Brown, Frank Fiore and Daniel Mansi

**(b)** County of Residence of First Listed Plaintiff   **Palm Beach County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Palm Beach County**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Robert S. Norell, P.A.
7350 NW 5th Street Plantation, FL 33317
Tel. 954-617-6017

Attorneys (If Known)

*09cv80645-WPD/LSS*

**(d)** Check County Where Action Arose:   ☐ MIAMI-DADE   ☐ MONROE   ☐ BROWARD   ☑ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☑ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ■ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Re-filed-
(see VI below)

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions
second page):

a) Re-filed Case ☐ YES ☑ NO       b) Related Cases ☐ YES ☑ NO

JUDGE                                 DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless
diversity):

29 U.S.C. §216(b)

LENGTH OF TRIAL via  4-5  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☑ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO
THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
April 29, 2009

FOR OFFICE USE ONLY

AMOUNT 350       RECEIPT # 546157       IFP