UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80645-CIV-DIMITROULEAS

ADAM COHN, individually and
on behalf of all others similarly situated,

Magistrate Judge Snow

      Plaintiff,

vs.

PREMIUM CAPITAL FUNDING, LLC
d/b/a TOP DOT MORTGAGE;
DONALD BROWN; KOLMAN BROWN;
FRANK FIORE; and DANIEL MANSI,

      Defendants.

_____/

## ORDER GRANTING MOTION TO TRANSFER

THIS CAUSE is before the Court *sua sponte*.

On June 14, 2010, Defendants filed a Motion to Transfer to Eastern District of New York and for Consolidation with Related Action Number 08-CV-4736 [DE-76]. According to Local Rule 7.1.C, a Response to the Motion should have been filed within fourteen (14) days. No such Response was filed. On July 6, 2010, this court issued an Order to Show Cause [DE-79] ordering Plaintiff to show cause no later than July 13, 2010, why the instant Motion should not be granted. The Court indicated that a failure to timely respond would result in the Motion being immediately granted by default. No response has been filed and, therefore, Defendants' Motion should be granted by default.

Nonetheless, when reviewing the arguments raised by Defendants, the Court concludes that transfer is also appropriate based upon the merits. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The standard

for transfer under section 1404(a) gives broad discretion to the trial court, which will be overturned only for abuse of discretion.  See Mason v. Smithkline Beecham Clinical Laboratories, 146 F. Supp. 2d 1355, 1358 (S.D. Fla. 2001) (citing Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991)).  Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money.  See Mason, 146 F. Supp. 2d at 1359 (citing Van Dusen v. Barrack, 376 U.S. 612 (1964)).  In light of the commonality between the instant action and the earlier filed and currently pending New York action, and the public and private factors that favor transfer such as trial efficiency and the convenience of the parties and witnesses, the Court concludes that transfer is appropriate.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Defendants' Motion to Transfer to Eastern District of New York and for Consolidation with Related Action Number 08-CV-4736 [DE-76] is hereby **GRANTED**;

2.      The Clerk of the Court is directed to take all appropriate measures and **TRANSFER** this action to the United States District Court for the Eastern District of New York for consolidation with case number 08-CV-4736;

3.      The Clerk shall **CLOSE** this case in this district.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 15th day of July, 2010.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record